MEMORANDUM *
Curtis Carroll petitioned for a writ of habeas corpus claiming that the prosecutor intentionally discriminated against seven African American potential jurors in exercising his peremptory strikes. We affirm the district court’s denial of the writ of habeas corpus because the California *66 Court of Appeal’s decision was neither “contrary to, [n]or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.” 28 U.S.C. § 2254(d)(1).
The trial court erred in suggesting race-neutral reasons for the prosecutor’s use of peremptory challenges, rather than requiring the prosecutor to provide his reasons for the strikes. See Batson v. Kentucky, 476 U.S. 79, 97, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); Paulino v. Castro, 371 F.3d 1083, 1089 (9th Cir.2004). Furthermore, after hearing the prosecutor’s reasons for the strikes, the trial court did not conduct the “sensitive inquiry into [the] circumstantial and direct evidence” that would indicate the genuineness of the prosecutor’s stated reasons or show discriminatory intent. Batson, 476 U.S. at 93, 106 S.Ct. 1712. However, this court does not review the trial court decision, but rather, the last reasoned decision of the state court — in this case, the California Court of Appeal. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir.2002).
The California Court of Appeal’s decision reasonably applied Supreme Court law. After noting the trial court’s errors, the Court of Appeal inquired into the genuineness of the prosecutor’s reasons for the peremptory strikes as Batson requires.[1] In so doing, it considered all the circumstances in the case, including inferences from comparative juror analysis and the fact that two African Americans were seated on the jury. See Ali v. Hickman, 584 F.3d 1174, 1180 (9th Cir.2009) (The court should consider the “totality of the relevant facts to decide whether counsel’s race-neutral explanation for a peremptory challenge should be believed.”) (internal quotation marks and citations omitted); see also Miller-El v. Dretke, 545 U.S. 231, 241, 125 S.Ct. 2317, 162 L.Ed.2d 196 (2005) (considering juror comparison a valuable tool in showing purposeful discrimination). The court properly addressed each challenged potential juror, the reasons the prosecutor cited for the challenge,[2] and appellant’s arguments that the reason was pretextual. After fully considering each reason, the court concluded that the cited reasons for striking each potential juror were race-neutral, supported by the rec *67 ord, and not evidence of discrimination. Therefore, it found no Batson violation.
We hold that the Court of Appeal’s careful consideration of the evidence was consistent with Supreme Court precedent. Further, after examining the reasons given for the strikes and the record, we cannot conclude that the Court of Appeal’s determination that there was no Batson violation “was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d)(2). State court factual findings are “presumed to be correct,” and this presumption has not been rebutted by “clear and convincing evidence.” 28 U.S.C. § 2254(e)(1); see also Hernandez, 500 U.S. at 364, 111 S.Ct. 1859 (The “ultimate question of discriminatory intent represents a finding of fact of the sort accorded great deference on appeal.”). The decision of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The dissent puts great emphasis on the trial, court’s failure to find a prima facie case. The Supreme Court has not addressed a case where the prosecutor stated his reasons for the peremptory challenges, but the trial court did not rule on the genuineness of those reasons. However, the Supreme Court has held that a trial court’s failure to find a prima facie case is moot if the trial court proceeds to step two and three, thus creating a record for the appellate court to review. Hernandez v. New York, 500 U.S. 352, 359, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) (plurality); see also Stubbs v. Gomez, 189 F.3d 1099, 1104-05 (9th Cir.1999). After the prosecutor has stated his reasons on the record, an appellate court may scrutinize the record to determine the genuineness of those reasons. See Snyder v. Louisiana, 552 U.S. 472, 477, 485-86, 128 S.Ct. 1203, 170 L.Ed.2d 175 (2008) (determining that the trial court committed clear error in denying a Batson challenge). In this case, the trial court did not proceed to step three, but the prosecutor's reasons were in the record for the California Court of Appeal to review. Because deciding the genuineness of those reasons is uniquely and entirely within the court’s judgment, it is not unreasonable to consider step one moot, even though no decision was made by the trial court at step three.

. Although the prosecutor cited some of the same reasons proffered by the trial judge, his expanded explanation indicates that he was not merely grasping onto the judge’s suggestions. In addition, the reasons articulated were of the type that a prosecutor would naturally raise. Therefore, although the judge “beat him to the punch” by offering reasons for the strikes, nothing in the circumstances would indicate that the reasons were any less genuine.